# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MWATA DYSON | ) |
|       Plaintiff, | ) |
| v. | ) Case No.: 1:21-CV-02280 (APM) |
| DUTKO RAGEN HOMES & INVESTMENTS, KW UNITED, d/b/a KELLER WILLIAMS, *et al.* | ) |
|       Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Northern Virginia Management Pros. Com. d/b/a Real Property Management Pros.[1] ("RPMP") and Marc Blackwood ("Mr. Blackwood"), by counsel, submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint of Plaintiff Mwata Dyson ("Plaintiff" or "Mr. Dyson") for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

Plaintiff brings this case against RPMP, Mr. Blackwood, and other Defendants under the Fair Housing Act and alleges discrimination as to his lease application for real property in Virginia. However, Plaintiff has attempted to drag RPMP and Mr. Blackwood into this Court despite neither having any connection with the District of Columbia. RPMP and Mr. Blackwood neither transact business nor have contacts in the District of Columbia; they instead have contacts in Virginia, where the subject property sits. This Court cannot exercise personal jurisdiction over RPMP and Mr. Blackwood.

---

[1] The legal name of RPMP is ACL Professional Property Management, LLC. *See* **Ex. A**, Decl. of M. Blackwood, at ¶ 3.

Accordingly, as detailed more fully below, Plaintiff's Complaint should be dismissed in its entirety as to RPMP and Mr. Blackwood.

## BRIEF FACTUAL BACKGROUND

Plaintiff's allegations revolve around his leasing application for real property located at 7978 Vigne Court, Vienna, Virginia 22182 (the "Property"). Compl. at ¶ 4. According to Plaintiff, RPMP and its president Mr. Blackwood engaged in racial discrimination by denying Plaintiff an opportunity to lease the Property. *Id*. at ¶¶ 4, 6, 11. RPMP and Mr. Blackwood committed their alleged racial discrimination from their office in Virginia, where they manage and lease residences in Virginia as well as the Property—which is also in Virginia. *Id*. at ¶¶ 6, 11, 16.

On July 19, 2021, Plaintiff submitted an application to RPMP to lease the Property. *Id*. at ¶ 19. In early August 2021, and with alleged assurances from RPMP, Plaintiff prepared to move to the Property by purchasing renter's insurance, emptying furniture from his prior residence, and establishing rental payment accounts. *Id*. at ¶¶ 21, 23. However, according to Plaintiff, RPMP denied his lease application despite giving prior approval. *Id*. at ¶ 26. On August 13, 2021, Plaintiff filed a Complaint with the U.S. Dept. of Housing and Urban Development as well as the Office of Fair Housing and Equal Opportunity. *Id*. at ¶ 27. Two weeks later, Plaintiff filed this suit against RPMP, Mr. Blackwood, and others for alleged violations of the Fair Housing Act.[2]

Significantly, Plaintiff cannot assert any factual basis for personal jurisdiction against either RPMP or Mr. Blackwood. RPMP is a limited liability company organized and existing under the laws of, and with its principal office in, the Commonwealth of Virginia. Ex. A., Decl. of M. Blackwood, at ¶ 4. RPMP pays no D.C. taxes, does not maintain a D.C. registered agent,

---

[2] Plaintiff has not filed any proofs of service as to RPMP or Mr. Blackwood. The movants do not waive proper service and they demand strict proof thereof.

does not have a D.C. telephone listing or mailing address, does not hold any interest in D.C. property, and does not do business in the District of Columbia. *Id*. at ¶¶ 6, 7. Moreover, Mr. Blackwood only had communications with or concerning Plaintiff Mwata Dyson through Mr. Blackwood's employment at RPMP. *Id*. at ¶¶ 3, 8. There is no basis in law or fact for this Court to exercise personal jurisdiction over either RPMP or Mr. Blackwood.

## ARGUMENT

I. **Legal Standard**

Under the federal rules, a party may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

> On a motion to dismiss under Rule 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant, and it cannot rely on conclusory allegations. In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff.

*Cannady v. Local Gov't Ins. Trust*, 2021 WL 2530536 (D.D.C. 2021) (Mehta, J.) (citations omitted) (quotation marks omitted) (granting a motion to dismiss for lack of personal jurisdiction). In weighing whether a factual basis exists, courts may compare written proofs submitted by the parties such as sworn affidavits. *See Corrinet v. Burke*, 946 F.Supp.2d 155, 160 (D.D.C. 2013) (*citing* Wright & Miller, FED. PRAC. & PROC. §1067.6 (3d ed. 2002)) (refusing to exercise personal jurisdiction over defendants).

II. **Plaintiff's Complaint Must Be Dismissed Against RPMP and Mr. Blackwood Because This Court Cannot Exercise Personal Jurisdiction Over Them.**

Plaintiff has not—and cannot—plead an adequate jurisdictional basis for his claims against RPMP and Mr. Blackwood. When a defendant is a nonresident and a non-domiciliary, a plaintiff must seek specific personal jurisdiction: (1) through the forum's long-arm statute; and (2) in accordance with due process. *See FC Inv. Group LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094-95

3

(D.C. Cir. 2008), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021); *see also Chandler v. Stover*, 211 F.Supp.3d 289, 296 (D.D.C. 2016) (*citing GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)) (granting a motion to dismiss for lack of personal jurisdiction and improper venue).

> [T]he District of Columbia's long-arm statute provides that a District of Columbia court may exercise personal jurisdiction over a person as to a claim arising from the person's (1) transacting any business in the District of Columbia; (2) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (3) causing tortious injury in the District of Columbia by an act or omission outside of the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

*Cannady*, 2021 WL 2530536 (D.D.C. 2021) (Mehta, J.) (*citing* D.C. Code § 13-423(a)) (quotation marks omitted). To satisfy due process, a plaintiff must show that a commercial defendant purposefully directed its efforts towards forum residents or created continuing obligations for those same residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), *cited with approval in United Therapeutics Corp. v. Vanderbilt University*, 278 F.Supp.3d 407, 413 (D.D.C. 2017) (granting motion to dismiss for lack of personal jurisdiction). In other words, a plaintiff must demonstrate a legal basis for dragging a defendant into a forum where the defendant is neither domiciled nor at home. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779-80 (2017); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (describing a basis for jurisdiction where a controversy is related to or arises out of a defendant's contacts with the forum).

Here, Plaintiff has failed to allege facts that establish the requisite legal basis. Plaintiff attempts to assert specific jurisdiction against RPMP and Mr. Blackwood by alleging that Plaintiff "was residing in the District of Columbia when the lease application was declined[.]" Compl. at

¶ 3. However, Plaintiff also alleges that RPMP keeps its offices and maintains its agents—including Mr. Blackwood—in Virginia. *Id*. at ¶¶ 6, 11. Plaintiff makes no allegation that either RPMP or Mr. Blackwood transacted business, solicited business, created obligations, continued obligations, or rendered services of any kind in the District of Columbia. Indeed, Plaintiff alleges that he sought housing at a residence in *Virginia*, not the District of Columbia. *Id*. at ¶¶ 4, 15.

While Plaintiff alleges that jurisdiction is proper because he suffered injury while residing in the District of Columbia, such alleged injury alone does not confer specific jurisdiction. Plaintiff does not bring a tort claim, where place of injury could be relevant; instead, he attempts to allege a claim under the Fair Housing Act. *Id*. at ¶¶ 1-2. But even if had brought a tort claim, D.C.'s long-arm statute has "a precise and intentionally restricted tort section, which stops short of the outer limits of due process, and which confers jurisdiction only over a defendant who *commits an act in the District* which causes an injury in the District, without regard to any other contacts." *Forras v. Rauf*, 812 F.3d 1102, 1107 (D.C. Cir. 2016) (citations omitted) (quotation marks omitted) (emphasis in original) (affirming dismissal of complaint for lack of personal jurisdiction). In this case, Plaintiff fails to plead any act by RPMP or Mr. Blackwood that took place in the District of Columbia or concerning any property located in the District of Columbia.[3] The place of Plaintiff's alleged injury is irrelevant; there is no evidence sufficient to satisfy either D.C.'s long-arm statute or due process, much less both.

---

[3] To the extent Plaintiff argues that RPMP and Mr. Blackwood have connections with D.C. due to receiving applications from D.C. residents like the Plaintiff, RPMP and Mr. Blackwood do not manage or lease any D.C. properties whatsoever. *Compare Nat'l Comm. Reinvs. Coalition v. NovaStar Financial, Inc.*, 604 F.Supp.2d 26, 30 (D.D.C. 2009) (determining that defendant companies had sufficient contacts with D.C. due to their consideration of thousands of loan applications for thousands of D.C. properties) *with* Ex. A, Decl. of M. Blackwood, at ¶ 5 ("RPMP leases and manages real property exclusively in Northern Virginia.").

**III.    Jurisdictional Discovery Is Not Warranted.**

Finally, this Court should deny any request from the Plaintiff for jurisdictional discovery. Such discovery is unnecessary because Plaintiff asserts specific jurisdiction rather than general jurisdiction. Compl. at ¶ 3. As such, Plaintiff should already know any jurisdictionally relevant fact related to the alleged transaction at-issue—a transaction that, again, involved property located entirely in Virginia. *Id.* at ¶ 4. Armed only with mere speculation, Plaintiff is not entitled to jurisdictional discovery. *See FC Inv. Group LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1093-95 (D.C. Cir. 2008) (citations omitted) (affirming denial of appellant's request for jurisdictional discovery), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021), *cited with approval in Cannady v. Local Gov't Ins. Trust*, 2021 WL 2530536 (D.D.C. 2021) (Mehta, J.).

## CONCLUSION

Plaintiff has not and cannot plead the factual bases necessary to establish personal jurisdiction against RPMP and Mr. Blackwood. Without the requisite acts under the long-arm statute and the necessary contacts for due process, this Court cannot exercise personal jurisdiction over nonresidents. Therefore, all claims against RPMP and Mr. Blackwood must be dismissed.

    Respectfully submitted,

    /s/ *Jeremy D. Camacho*
Brian A. Scotti, Esq. (Bar No. 497125)
Jeremy D. Camacho, Esq. (Bar No. 1034407)
GORDON REES SCULLY MANSUKHANI, LLP
1101 King Street, Suite 520
Alexandria, Virginia 22314
T: (202) 399-1009
F: (202) 800-2999
E: bscotti@grsm.com
E: jcamacho@grsm.com
*Counsel for Defendants Real Property Management Pros and Marc Blackwood*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2021, I sent a copy of the foregoing via CM/ECF and U.S. Mail:

Donald R. Huskey
9419 Lyonswood Drive
Owings Mills, MD 21117
*Counsel for Plaintiff*

Governor E. Jackson III
400 E. Joppa Road, Suite 50
Towson, MD 21286
*Counsel for Plaintiff*

Via U.S. Mail *only*

Dutko Ragen Homes & Investments LLC
c/o Dennis Eugene Pryba II
105 W. Broad Street, Suite 200
Falls Church, VA 22046

Kang Frances a/k/a Frances Kang
5022 W Avenue N Suite 102
Palmdale, CA 93551

Kang Frances Living Trust
c/o Kang Frances
5022 W Avenue N Suite 102
Palmdale, CA 93551

C.H. Realty Inc. a/k/a C.H. Kay Realty, Inc.
c/o Chungwha Kay
13804 Rippling Brook Drive
Silver Spring, MD 20906

                                         /s/ *Jeremy D. Camacho*
                                         Jeremy D. Camacho, Esq.