**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MWATA DYSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-02280-APM |
| ) | |
| DUTKO \| RAGEN HOMES & INVESTMENTS ) | |
| KW UNITED d/b/a KELLER WILLIAMS *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DUTKO | RAGEN HOMES & INVESTMENTS, KW UNITED D/B/A KELLER WILLIAMS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)

Defendant Dutko | Ragen Homes & Investments, KW United d/b/a Keller Williams (hereafter "Keller Williams")[1], by and through counsel, respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION**

This lawsuit arises out of the wholesale speculative assertion by Plaintiff that during the process of trying to rent a house located at 7986 Vigne Court, Vienna, Virginia 22182 (hereafter "the Property"), the Defendants colluded to preclude Dr. Dyson from renting the property because of Plaintiff's status as an African American.

Plaintiff retained the realty services of Keller Williams to assist him to find housing. Complaint at ¶ 15. An agent of Keller Williams found a listing of the Property, which is owned by Defendants Kang Frances and Kang Frances Living Trust, and brought it to the attention of Plaintiff. Complaint at ¶ 15. On July 19, 2021, Plaintiff placed an application for the Property

---
[1]     Plaintiff has failed to identify the correct entity. The correct entity is Falls Church Realty Group, LLC d/b/a KW United.

and began to work with Defendant Northern Virginia Property Management Pros Com., L.L.C. d/b/a Real Property Management Pros ("RPMP"), the company which is responsible for the application process for the Property.  Complaint at ¶¶ 19-20.  During the application process, Plaintiff and Defendant RPMP corresponded, and Defendant RPMP would inform Plaintiff of the necessary tasks and deadlines.  Complaint at ¶¶ 21-22.  On August 3, 2021, Plaintiff signed an electronic copy of a lease and from August 3-8, 2021, Plaintiff began to prepare to move into the Property.  Complaint at ¶¶ 22-23.

On August 8, 2021, Plaintiff was unable to log in to the portal to pay rent which he notified agents of Defendant RPMP, and on August 10, 2021, Plaintiff received an email that his portal account had been deactivated.  Complaint at ¶¶ 24-26.  Plaintiff and his agent (through Keller Williams) made numerous calls to Defendant RPMP to learn the status of the lease which remained unanswered, however, Plaintiff was issued a refund.  Complaint at ¶ 26.  Plaintiff alleges that Defendant RPMP then requested his resume and a letter explaining "why he was worthy of living on the premises."  Complaint ¶ 26.

On August 13, 2021, Plaintiff filed a complaint with the U.S. Department of Housing and Urban Development (HUD), Office of Fair Housing and Equal Opportunity alleging housing discrimination based on race.  Complaint at ¶ 27.  Plaintiff generically and in conclusory fashion alleges that all Defendants worked together to ensure he would not rent the Property by engaging in racial discrimination practices. Complaint at ¶ 31.

The Complaint pleads one count of racial discrimination under the Fair Housing Act which asserts that the numerous Defendants worked in concert to prevent Plaintiff from renting a home based on Plaintiff's race.  Beyond the fundamental deficiencies in the factual allegations pled, the confused claim fails as a matter of law.

## II. APPLICABLE STANDARD

Dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. Only factual allegations, not legal conclusions, must be accepted as true on a Rule 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff fails to state a claim if it does not plead a plausible claim for relief based on allegations that are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court need not accept as true the plaintiff's legal conclusions. *See Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor does the court need to accept unsupported assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Carty v. Author Sols., Inc.,* 789 F. Supp. 2d 131, 135 (D.D.C. 2011). The Court is not free to infer something from nothing. A Court must limit its consideration to the Complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

In short, Plaintiff has failed to plead any facts which could demonstrate that Keller Williams acted in any way that was racially discriminatory. The wisps of allegations which try to show Keller Williams acted in a racially discriminatory manner are purely conclusory. Count I must be dismissed pursuant to Rule 12(b)(6).

## III. ARGUMENT

### A. The Complaint Fails to State a Cause of Action for Cause of Action for Discrimination on the Basis of Race, in Violation of the Fair Housing Act Pursuant to Rule (12)(b)(6)

Despite its 24 pages, the Complaint fails to allege any facts which could be construed as demonstrating any plausible discrimination whatsoever based on race. There is not a single allegation that Keller Williams acted in a manner that was based in whole or in part upon the race of Plaintiff. Instead, it is alleged in Paragraph 25 of the Complaint that an agent of Keller Williams affirmatively helped Plaintiff by calling Defendant RPMP on behalf of Plaintiff to help him inquire as to problems with the online portal and the status of the lease.

Under the Fair Housing Act, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (emphasis added). "[A]ny person who . . . claims to have been injured by" conduct prohibited by section 3604, id. §§ 3602(f), 3602(i), is an "aggrieved person" who "may commence a civil action," id. § 3613(a)(1)(A). For purpose of this motion, Plaintiff has pled facts that would show that he is a member of a protected class.

Plaintiff has failed to plead any facts that could show racial discrimination. Here, the Complaint alleges that Keller Williams "assisted Dr. Dyson with his search for housing and was aware of the activities engaged in by the co-defendants and co-conspirators, and this Defendant for profit conspired with the other co-defendants and did not serve his interest." Complaint at ¶ 12. Nothing about assisting Plaintiff in his search for housing would violate the FHA. Nor would being "aware" of the unarticulated activities of others violating the FHA. Nor would not serving Plaintiff's interest violate the FHA. These are all non sequiturs.

Paragraph 12 of the Complaint further states:

> Keller Williams had a responsibility to comply with all fair housing statutes, advise Dr. Dyson when the other defendants whom they directed him to did not comply with fair housing statutes, promote the interest of the leasee, establish strategies for accomplishing the leasee's objectives of leasing, assist in the drafting of negotiating of offers, disclose to the leasee material facts, and not give him false information related and disclose the brokerage relationships related to 7978 Vigne Court, Vienna, Virginia, 22182, and did not serve and protect his interest. The leasee's agent should have advised Dr. Dyson that the requests and prohibited activities by the co-defendants were violations of the Fair Housing Act.

Promoting the interest of the leasee, establishing strategies for accomplishing the lessee's objectives of leasing, assisting in the drafting of negotiating of offers, disclosing to the lessee material facts, and not giving a lessee false information vaguely tracks the general ordinary duties of real estate licensees under D.C. Code § 42-1703. But there is no count pled for professional negligence.

Here, there are absolutely no facts pled which shows that Keller Williams or any of its agents acted or participated in any direct discrimination. Plaintiff retained Keller Williams realty services, and an agent of Keller Williams showed Plaintiff the Property. Complaint at ¶ 15. Then Plaintiff made the decision to pay for the application fee for the Property. Complaint at ¶ 19. There is nothing pled that Keller Williams or its agents spoke or interacted with any other Defendant. Nor is there anything pled that Keller Williams or its agents acted in any discriminatory way toward Plaintiff based on his race or tried to prevent him from renting the property based on his race.

Further, it is affirmatively pled that an agent of Keller Williams tried to help Plaintiff by calling Defendant RPMP to try to check the status of the lease and the issue with online portal. Complaint at ¶ 25. There are no facts pled that Plaintiff asked for any help and was denied by Keller Williams or its agents because of his race. There are no facts pled that Keller Williams or

its agents knew or were aware that the other Defendants were acting in a racially discriminatory fashion. And even if Keller Williams discovered actual bad acts by other parties, the FHA does not charge real estate licensees with warning, protecting, or saving applicants from others.

The Complaint never states that Keller Williams treated Plaintiff differently because he is African American. No facts are pled that Keller Williams discriminated against Plaintiff based on his race. Plaintiff fails to plead facts which present sufficient evidence to permit an inference of discrimination. Indeed, the Complaint infrequently even mentions Keller Williams. In addition to Paragraphs 12, 16, and 19 discussed above, Paragraph 13 only notes that Keller Williams contacted another Defendant on behalf of Plaintiff. And then Paragraph 31, without any factual predicate or assertion, lumps Keller Williams in with every other Defendant in conclusory fashion to claim that somehow Keller Williams refused to lease the Property to Dr. Dyson. Remarkably telling is the list of 9 bad acts in Paragraph 31 that were already ascribed to other Defendants and not to Keller Williams.

The Complaint fails to meet the *Iqbal* standard as there are not sufficient factual allegations for a cognizable claim. There is no colorable, justifiable, or reasonable basis to allow a claim of racial discrimination under the Fair Housing Act to go forward against Keller Williams.

### B. Punitive Damages are Not Available

The Fair Housing Act provides that "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages…" 42 USCS § 3613(c)(1)(a). Punitive damages for violations of federal law are available where a defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1982). "[P]unitive damages should only be awarded if the defendant's culpability,

after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

Here, Plaintiff has failed to allege any facts which could show that Defendant Keller Williams has any "evil motive or intent" nor has Plaintiff shown that Keller Williams participated in any racially discriminatory practices. The Complaint only states in conclusory fashion that Keller Williams somehow colluded with other Defendants in racial discrimination, but does not give a single example of Keller Williams or its agents ever making a single comment or taking a single action based on Plaintiff's status as an African American. Not only are Keller Williams' actions described in the Complaint unable to constitute a claim, they do not remotely show an inkling of being racially motivated such that punitive damages are unavailable.

## IV.  CONCLUSION

Plaintiff fails to plead facts which demonstrate a cognizable claim of racial discrimination under the Fair Housing Act. This Court should grant Dutko | Ragen Homes & Investments, KW United d/b/a Keller Williams' Motion to Dismiss.

Dated: October 12, 2021                    Respectfully submitted,

                                                                   PERRY CHARNOFF PLLC

                                                                   /s/ Mikhael D. Charnoff
                                                                 Mikhael D. Charnoff (#476583)
                                                                 1010 N. Glebe Road, Suite 310
                                                                 Arlington, VA 22201
                                                                 P:  703-291-6650
                                                                 F:  703- 563-6692
                                                                 mike@perrycharnoff.com
                                                                 *Counsel for Defendant Dutko | Ragen Homes &*
                                                                 *Investments, KW United d/b/a Keller Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I caused a copy of the foregoing to be served electronically on all counsel for all parties by using the CM/ECF system of the United States District Court of the District of Columbia.

PERRY CHARNOFF PLLC

/s/ Mikhael D. Charnoff
Mikhael D. Charnoff (#476583)
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
P: 703-291-6650
F: 703- 563-6692
mike@perrycharnoff.com
*Counsel for Defendant Dutko | Ragen Homes & Investments, KW United d/b/a Keller Williams*