IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF COLUMBIA

MWATA DYSON, )
 )
    Plaintiff, )
 )
v. ) Case No. 1:21-cv-02280-APM
 )
DUTKO RAGEN HOMES & )
INVESTMENTS KW UNITED, *et al.*, )
 )
    Defendants. )
_____

**MEMORANDUM OF LAW IN SUPPORT OF
C.H. KAY REALTY, INC.'S MOTION TO DISMISS**

    C.H. Kay Realty, Inc., by its undersigned counsel and pursuant to Federal Rules of Civil Procedure ("FRCP"), including FRCP 4, 8, 12(b)(5), and 12(b)(6), submits the following Memorandum of Law in support of its Motion to Dismiss. In making its Motion and by this Memorandum, C.H. Kay Realty, Inc. also adopts and incorporates by reference the Memorandum of Law of Defendant Dutko | Ragen Homes & Investments KW United [ECF 16].

**Introduction**

    C.H. Kay Realty, Inc. is entitled to dismissal for three reasons:

    1.    Plaintiff failed to effect service of process on C.H. Kay Realty, Inc. pursuant to FRCP 4(m).

    2.    Plaintiff's Amended Complaint fails to satisfy his burden of pleading. The Amended Complaint is devoid of any factual content (and, therefore, also devoid of any facial plausibility) indicating that Defendant C.H. Kay Realty, Inc. has acted with discriminatory intent or in violation of 42 U.S.C. § 3604.

3. Plaintiff's Amended Complaint is "antithetical to Rule 8(a)'s pleading standard and may be dismissed for that reason alone." *Karim-Panahi, v. 4000 Massachusetts Apartments*, 302 F.Supp.3d 330, 336 (D.D.C. 2018).

## Applicable Law

### A. FRCP 12(b)(5).

A court ordinarily may not exercise personal jurisdiction over any party named as a defendant in the absence of service of process (or waiver of service by the defendant). See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-45, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.")).

Pursuant to FRCP 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C.2003); *see also Simpkins v. District of Columbia,* 108 F.3d 366, 369 (D.C.Cir.1997). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [FRCP 4] and any other applicable provision of law." *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotation omitted). FRCP 12(b)(5) governs motions to dismiss for insufficient service of process. FRCP 12(b)(5). In responding to a motion to

dismiss brought under FRCP 12(b)(5), the plaintiff bears the burden of proving that he effected service. *Hilska,* 217 F.R.D. at 20.

### B. FRCP 12(b)(6).

Plaintiff's Amended Complaint lacks the requisite factual content or factual plausibility to state a federal claim of housing discrimination against Defendant C.H. Kay Realty, Inc. To state a discrimination claim under federal law, Plaintiff must "plead" facts establishing that he belongs to a protected class and that *each "defendant* acted with discriminatory purpose," which "requires more than intent as volition or intent as awareness of consequences." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 129 S.Ct. 1937 (2009).

The Court need not, however, credit "a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678. A complaint alleging facts which are "`merely consistent with' a defendant's liability . . . `stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Id.*

"To survive a motion to dismiss, a complaint must have `facial plausibility,' meaning it must `plead[] factual content that allows the court to draw the reasonable inference that the [each] defendant is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## Legal Argument

**A. Plaintiff's failure to timely serve C.H. Kay Realty, Inc. with process warrants dismissal.**

The Court's docket reflects the following:

- On October 27, 2021, an Amended Complaint was filed in this case that added C.H. Kay Realty, Inc. as a defendant; [ECF 13]

- On December 2, 2021, a Summons was issued to C.H. Kay Realty, Inc.; [ECF 20]

- On February 9, 2022, Plaintiff's counsel, Attorney Governor E. Jackson, III, filed an Affidavit in Support of Default, stating that he had personally served Defendant C.H. Kay Realty, Inc. with process on December 7, 2021; [ECF 21] and

- On February 28, 2022, an Affidavit of Service was submitted by Darren Sheppard of Same Day Process Service, Inc., stating that HE had personally served the Summons, Amended Complaint, and some of the filings made in this case, on the Resident Agent for C.H. Kay Realty, Inc. case) on December 7, 2021. [ECF 22]

Contrary to the assertions made by both Attorney Jackson and Mr. Sheppard, C.H. Kay Realty, Inc. has never received service of process in this case. *See* the Affidavit of the President and Resident Agent of C.H. Kay Realty, Inc., Chunghwa Kay (misspelled in Mr. Sheppard's affidavit), attached hereto as **EXHIBIT 1**[1] and submitted both individually and on behalf of C.H. Kay Realty, Inc. Mr. Sheppard asserts that he left the Summons and Amended Complaint with a 65 year old Asian Female at 13804 Rippling Brook Drive, in Silver Spring. Ms. Kay is 82, and has not lived in or visited the Rippling Brook Drive

---

[1] The court "may consider documents outside the pleadings to assure itself that it has jurisdiction." *Al-Owhaliv. Ashcroft,* 279 F.Supp.2d 13, 21 (D.D.C. 2003); *see also Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987) ("In 12(b)(1) proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on [its] authority to entertain the case." (internal citations and quotation marks omitted)).

address since 1978.  *Exhibit 1.*  Ms. Kay has also never authorized anyone at that address to accept service on her behalf.  *Exhibit 1.*

On April 2, 2022, counsel for C.H. Kay Realty, Inc. advised Attorney Jackson of the service of process dispute, requesting in good faith that he withdraw his Affidavit in Support of Default, and allow counsel to assist him in curing the service defect.  The request and offer were rejected, necessitating this Motion.  A copy of the email exchange among counsel is attached hereto as **EXHIBIT 2**.

When an amended complaint seeks to add a party, the amended complaint must be served on the new party pursuant to Rule 4.  *See, e.g., Ransom v. Brennan,* 437 F.2d 513, 518 (5th Cir. 1971) ("[W]hen an amended complaint, normally served in conformity with Rule 5, asserts an additional claim against a party who has not appeared in the original suit, the pleading must be served in accordance with Rule 4. . . ."); *Kaden v. Chamisa Arts, Inc.,* 2016 WL7616692, *3 (W.D. Tex. 2016) ("[I]f an amended complaint names a new defendant, the plaintiff must serve that defendant with the summons and amended complaint in compliance with Rule 4."); 4B Wright & Miller, Fed. Prac. & Proc. § 1146 n.3. *Cf. Brait Builders Corp. v. Massachusetts,* 644 F.3d 5, 9-10 (1st Cir. 2007) (indicating that Rule 4 applies when "an amended complaint . . . adds defendants" to an action).

For these reasons, C.H. Kay Realty, Inc. requests that the claim against it in this case be dismissed without prejudice, pursuant to FRCP 4(m) and 12(b)(5).

**B. Plaintiff's failure to satisfy his burden of pleading warrants dismissal.**

For the same reasons set forth in Defendant Dutko | Ragen Homes & Investments KW United's Memorandum in support of its Motion to Dismiss [ECF 16], adopted by

5

reference herein, C.H Kay Realty, Inc. seeks dismissal of the claim asserted against it in this case. Plaintiff has, likewise, failed to allege any fact sufficient to support his claim for punitive damages against this Defendant.

Plaintiff asserts a single claim of Housing Discrimination pursuant to 42 U.S.C. § 3604 against seven different Defendants. [ECF 13]. As it relates to C.H. Kay Realty, Inc., the only facts alleged are:

- Its agents, servants and employees "were the agents for the 'landlord'" (defined at ECF 13, page 5 as Frances King [sic]) [ECF 13, ¶ 13];

- It was contacted by Keller Williams (who represented the landlord) [ECF 13, ¶ 13];

- It was aware and participated in the federal housing violation [ECF 13, ¶ 13]; and

- It refused to lease property to plaintiff [ECF 13, ¶ 32].[2]

Otherwise, the allegations in the Amended Complaint are non-specific and made in the aggregate against all defendants.

For these reasons, including those incorporated by reference, C.H. Kay Realty, Inc. requests that the claims against it in this case be dismissed with prejudice, pursuant to FRCP 12(b)(6).

**C. Plaintiff has failed to comply with FRCP 8, justifying dismissal of his claims.**

Federal Rule 8(a) provides that a pleading "*shall* contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R.CIV.P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1)

---

[2] This allegation is also materially inconsistent with Plaintiff's pleading allegation that the Defendant responsible for listing/leasing, and to whom he applied to lease the subject property was Defendant Northern Virginia Property Management Pros Com., LLC. ECF 13 at ¶¶ 20-21.

underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702 (3d Cir.1996) (quoting 5 WRIGHT & MILLER § 1217, at 169 (2d ed.1990)). Enforcing these rules is largely a matter for the trial court's discretion, 5 WRIGHT & MILLER § 1217, at 175 & n.8 (2d ed.1990); Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of court," FED.R.CIV.P. 41(b).

> [A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly or concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and person comments.

*Karim-Panahi, v. 4000 Massachusetts Apartments*, 302 F.Supp.3d 330, 336 (D.D.C. 2018), citing *Jiggits v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017)*, aff'd sub nom Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 *(D.C. Cir. Nov. 1, 2017).* Like *Karim-Panahi*,

The Amended Complaint gives C.H. Kay Realty, Inc. no idea what relationship it is alleged to have ever had with this Plaintiff (which would be disputed) or what it is alleged to have done wrong. For these reasons, Defendant C.H. Kay Realty, Inc. requests that Plaintiff's Amended Complaint be dismissed.

**Conclusion**

As both stated and incorporated by reference above, Plaintiff has failed to timely serve C.H. Kay Realty, Inc., has failed to properly plead or state facts sufficient to give rise to content or plausibility of housing discrimination by C.H. Kay Realty, Inc., and C.H. Kay Realty, Inc. respectfully requests that this Court dismiss the claim against it in, and award to it such other and further relief to which this Court deems it entitled.

7

Dated: April 6, 2022　　　　　　　Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:　　*/s/ Maryan Alexander*
_____
Maryan Alexander (DC Bar No. 992293)
500 East Pratt Street, Suite 600
Baltimore, MD 21202
Phone: (410) 539-1800
Fax: (410) 962-8758
Direct: (410) 962-7385
Maryan.Alexander@wilsonelser.com
*Attorneys for C.H. Kay Realty, Inc.*